

# The Attorney General of Texas

June 6, 1984

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

001 Texas, Suite 700
uston, TX. 77002-3111
/13/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Henry Wade
Criminal District Attorney
601 Elm Street
Dallas, Texas    75202

Opinion No. JM-160

Re:  Whether a regional air-
port board may enter into an
agreement with a municipality
under article 999b, V.T.C.S.

Dear Mr. Wade:

You have asked our opinion as to whether the Dallas-Fort Worth Regional Airport Board may enter into an agreement with the city of Dallas by which the airport would agree to provide the city with additional law enforcement officers under the interlocal assistance provisions of article 999b, V.T.C.S.

The cities of Dallas and Fort Worth created the airport board by a joint agreement pursuant to article 46d-14, V.T.C.S. The agreement defines the board's authority with respect to the employment of law enforcement officers in its paragraph 8f. Although the agreement empowers the board to employ a security force and to formulate airport regulations and define penalties for their violation, the governing bodies of the cities of Dallas and Fort Worth must approve all such board plans.

Article 999b authorizes one county or municipality to provide law enforcement officers to another county or municipality in case the latter finds itself temporarily in need of additional officers. Section 1 of 999b defines "municipality" as "any city or town, including home-rule city or a city operating under the general law or a special charter." Neither the airport nor its board is a county, and neither is a municipality as defined in article 999b. Accordingly, it is our opinion that the airport board may not enter into any agreement with the city of Dallas under the provision of article 999b. We do not address in this opinion the authority of two or more cities to enter into the kind of agreement contemplated here.

## S U M M A R Y

The Dallas-Fort Worth regional Airport Board
may not enter into an agreement with the city of

Dallas under the interlocal assistance provisions
of article 999b.

Very truly yours,

JIM   MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Susan Garrison
Jim Moellinger
Nancy Sutton